## VILLAGE OF LAURIUM v. MILLS.

1. PUBLIC OFFICERS — BONDS — LIABILITY — APPLICATION OF CREDITS.

In determining the liability of the sureties on the bond of a collecting officer, an excess in the amount turned in by him over the amount collected during the first four months of the period covered by the bond should be applied on collections theretofore made, rather than on subsequent collections.

2. SAME—SECRETARY OF WATER BOARD—OFFICIAL TERM.

A resolution of a village council authorizing the board of water commissioners to appoint a secretary, with the approval of the council, and requiring him to furnish such bonds as the council may require, makes the office of secretary a distinct office; and the fact that, by subsequent resolution, it was provided that the village clerk should be appointed as such secretary, and that thereafter the incumbent of the office of clerk was permitted to perform the duties of secretary without formal and regular appointment, did not merge the offices into one, or make the clerk *ex officio* secretary, so as to terminate his tenure as secretary contemporaneously with the expiration of his term of office as clerk.

3. SAME—LIABILITY OF BONDSMEN.

The official bond of the secretary of a village water board recited that he had been appointed to such office to serve until his successor should be appointed and qualified, and its conditions required that he should account for "all moneys that should come into his hands as such secretary." *Held,* to cover an incumbency of the office growing out of a holding over for a second term without a reappointment.

Error to Houghton; Streeter, J. Submitted January 28, 1902. Decided March 4, 1902.

*Assumpsit* by the village of Laurium against Joseph R. Murphy, principal, and Thomas Mills and Nicholas S. Bray, sureties, upon an official bond. From a judgment for plaintiff on verdict directed by the court, defendant sureties bring error. Affirmed.

*Gray, Haire & Rice,* for appellants.

*P. H. O'Brien,* for appellee.

HOOKER, C. J.  Defendant Murphy was clerk of the village of Laurium for about two years prior to March, 1898.  He was re-elected in March, 1898, and again in March, 1899, and served continuously until March, 1900, when he turned over his office to a successor.  The law (1 Comp. Laws, § 2702) provides that such clerk shall hold his office for the term of one year from the second Monday in March of the year elected, and until his successor is elected and qualified.  There was a water board in said village, and among the resolutions adopted in 1891 by the council for the government of said board was the following:

"ARTICLE 1, § 1.  The board of commissioners shall have power to appoint a secretary of the water board, with the approval of the common council."

Among the duties of the secretary was the collection of moneys due and owing the said village in connection with the business of the water board.  Murphy acted as secretary of the water board throughout his term, and it appears to have been the practice for the village clerk to act as such secretary.  If the board ever appointed a secretary, the proof of the fact is not brought to our attention; and a former clerk testified that, at some time before his incumbency, "there was a resolution passed by the council stating that the clerk should be secretary—should be appointed secretary—of the water board, and they had been doing that right along afterwards;" and other testimony indicates that, for some time after that, it was the custom of the clerk to act as secretary of the water board without a formal appointment by either the water board or council, and that this continued until the spring of 1898, when, according to the testimony of the president, he (the president) formally appointed him, and the appointment was ratified by the board.  We do not discover record proof of this, however, though perhaps the bond itself implies it.

On April 5, 1898, Murphy gave the bond contemplated by article 1, § 1, of the resolution above mentioned, and partially quoted, which makes it the duty of the secretary to "furnish bonds unto the village for such sums as the council may require from time to time." This bond was for the sum of $2,500, and was signed by Murphy as principal and the other defendants as sureties, and was separate and distinct from another bond which Murphy at the same time gave as village clerk. The bond recites that " whereas, the above-bounden has been appointed to the office of secretary of the water board of the said village of Laurium, county of Houghton, and State of Michigan, to serve until his successor shall be appointed and qualified;" and its condition requires that the principal "shall faithfully and truly account for and pay over all moneys which shall come into his hands as such secretary of the water board." This action is brought to recover on the bond, and from a judgment for the plaintiff the defendants have appealed.

The facts upon which the alleged breach of the condition is predicated are that Murphy received funds as follows: The record shows that the secretary, Murphy, collected between April 5, 1898, and April 3, 1899, the amount of $5,759.10, and that his deposits were $5,597.30, —a deficiency of $161.80. It is contended by the plaintiff that, while the collections for the months of April, May, June, and July aggregated only $1,040.54, he deposited $1,609.80, an excess of deposits of $569.26. It was shown that he had collected during February and March $712.67, and the plaintiff's counsel contends that the defendants are not entitled to have this excess of $569.26 applied on collections made after April 1st, from which source it clearly was not received, but that it should be applied, as far as it will go, in payment of the previous item of $712.67, which is the only source from which it could have come, if it was money received on village account; and that, if it was not so received, it must be presumed to have been deposited to apply on that item, rather than a deposit of individual

funds to a public account, for which there would·be no occasion or apparent reason.   On the other hand, defendants' counsel insist that it must apply on the collections for the year following April 5, 1898.   In our opinion, the contention of plaintiff's counsel should prevail.   We understand that there is no dispute about the facts, and, this being so, the court did not err in directing the jury to include a corresponding sum of $569.26 in the amount of the deficiency for the first year, which was the substantial effect of his instruction.

A second point relates to a deficiency in the funds collected between April, 1899, and April, 1900, amounting to $1,564.79.   We understand that the amount of this deficiency is not disputed.   The defendants contend that the bond does not cover that period, for the reason that the clerk of the village is *ex officio* secretary, and that the latter office for the fiscal year 1898 and 1899 ended with that of clerk by the re-election and qualification of Murphy to the office of· clerk in the spring of 1899. The resolution quoted clearly shows that the office of secretary of the water board is a distinct office, and, while the village clerk has been eligible, and may have held the office without formal and regular appointment, the resolution of 1891, and the custom to permit the clerk to perform the duties of secretary, have not had the effect to merge the two offices into one, nor to make all clerks *ex officio* secretaries of the water board in that village, nor to terminate one office by the termination of the other. We are not advised that the secretary has not at all times drawn a salary or compensation as such officer, and we have seen that separate and distinct bonds have been required.   We are of the opinion that article 1, § 1, above cited, has not been abrogated in any particular, though it may have been disregarded, or not carefully followed, in regard to the manner of appointing the secretary.

That resolution does not fix the term of the office, which, on general principles, would continue until a successor is appointed and qualified.   The terms of the bond indicate

the recognition of this by the makers, and an obligation to indemnify the plaintiff during the full period of Murphy's incumbency under the appointment which the bond expressly recites. Counsel cite some authorities which hold that where one is appointed for a prescribed term, and holds over for a second without a reappointment, the sureties on the bond will not be liable during the second term. We think they are not applicable to the present case, because, if it can be said that the term of this office is limited by the resolution to a year, the village has taken and the defendants have given a bond covering a longer period of incumbency growing out of a holding over.

We understand from the defendants' brief that the questions discussed cover the case, and therefore do not consider the assignments of error *seriatim*.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.